# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP ROSENBLUM,<br><br>    Plaintiff,<br><br>    v.<br><br>ASSOCIATE WARDEN DAVIS,<br><br>    Defendant.<br>_____/ | CASE NO. 1:09-cv-00652-OWW-GSA PC<br><br>Fresno County Superior Court<br>Case No. 09CECG00119<br><br>ORDER REMANDING ACTION TO FRESNO COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

Plaintiff Phillip Rosenblum is a state prisoner proceeding pro se in this civil action. On April 10, 2009, Defendant M. Davis removed this action from Fresno County Superior Court. In his notice of removal, Defendant asserts that Plaintiff's claims are predicated on Defendant's failure to protect him, in violation of the Eighth Amendment of the United States Constitution.

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1

removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

The Court has reviewed Plaintiff's complaint, and although Plaintiff could have brought this action under 42 U.S.C. § 1983 for violation of his federal constitutional rights, he did not. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal). Plaintiff's complaint and is devoid of any mention of the United States Constitution, section 1983, or any other federal bases for relief. The complaint describes the action as one for personal injury, cites to California Government Code section 844.6, and references negligence. (Doc. 1, Ex. A, court record pgs. 5 & 7.) Plaintiff's decision to file suit in state court utilizing a state civil complaint form and making no mention of federal law demonstrates that Plaintiff exercised his right to rely exclusively on state law. Caterpillar, Inc., 482 U.S. at 392. This Court lacks subject matter jurisdiction over this action and it shall therefore be remanded to Fresno County Superior Court.

Accordingly, this Court hereby:

1. REMANDS this action to the Fresno County Superior Court; and

///
///
///
///
///

2. DIRECTS this Court's clerk to serve a copy of this order on the Fresno County Superior Court and to serve the parties in the customary manner.

IT IS SO ORDERED.

**Dated:  April 15, 2009**                          /s/ Oliver W. Wanger
                                                   UNITED STATES DISTRICT JUDGE